Glass & Co. *v.* Porter.

## P. T. GLASS & CO. *v.* BENJ. T. PORTER.

CHANCERY PRACTICE. *Equity of redemption. Sale of land.* To authorize a sale of land, cutting off the equity of redemption, by the Chancery Court, application, on sufficient credit for that purpose, must be made in the bill and appear in the decree.

### FROM LAUDERDALE.

Appeal from the Chancery Court.    JNO. W. HARRIS, Chancellor.

WILKINSON & WILKINSON for complainant.

MARLEY & STEELE and RICHARDSON for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

This bill was filed by complainants, as creditors of Benj. T. Porter, to have three deeds of trust executed by Porter closed, and the debt secured satisfied, with the view of reaching and applying the surplus to the satisfaction of their debts. A decree was made for the sale of the land conveyed in the trust deed, to be on a credit of six months, and free from the equity of redemption. The land was sold, and purchased by P. T. Glass at the amount of complainant's debt and costs, and the sale confirmed and the title vested.

Porter appeals, and the only question made is, that the Chancellor erred in decreeing a sale of the land on a credit and cutting off the right of redemption. The bill contains no prayer for a sale of the land free from redemption, and in the deeds of trust there is no waiver of the right to redeem; on the contrary, in all of them it is provided that the land shall be sold for cash, and in one the right to redeem is expressly reserved.

It has been repeatedly held by this court, that to authorize a sale of land free from the equity of redemption by decree of the Chancellor, the application for sale, on sufficient credit for that purpose, must be made in the bill as well as appear in the decree.

It follows that the decree is erroneous and must be reversed, the sale made set aside, and the land sold in pursuance of the terms prescribed in the trust deed, by the clerk of this court. The costs of both courts will be paid out of the proceeds of the sale.